# IN THE CIRCUIT COURT OF THE STATE OF OREGON

## FOR THE COUNTY OF MULTNOMAH

| | |
|---|---|
| CATHIE HANSEN, Personal Representative of the Estate of BRENDEN J. PENDLETON, Deceased,<br><br>Plaintiff,<br><br>v.<br><br>WEYERHAEUSER COMPANY, a Foreign Corporation; and **JOHN DOE**, an Employee of Weyerhaeuser Company, and a Resident of the State of Oregon,<br><br>Defendants. | Case No.<br><br>**COMPLAINT**<br><br>Wrongful Death – Negligence – Negligence *Per Se* – Wanton Misconduct<br><br>Filing Fee based upon ORS 21.160(1)(d)<br>Amount in Controversy: $4,010,000.00<br><br>(Demand for Jury Trial)<br>(Not Subject to Mandatory Arbitration) |

Plaintiff alleges:

**COUNT ONE**
**(Against All Defendants)**
**(Negligence)**

1.

At all relevant and material times herein:

    a) Plaintiff Cathie Hansen is the duly Personal Representative of the Estate of Brenden J. Pendleton, deceased, pursuant to a Limited Judgment entered on September 29, 2016, in the Circuit Court of the State of Oregon for County of Lane, Department of Probate, Case No. 16PB06688;

    b) Plaintiff was and is a resident of the state of Idaho;

Page 1 – COMPLAINT

MAYOR LAW, LLC
7157 SW Beveland Street, Suite 100
Tigard, OR 97223
(503) 444-2825

PICKETT DUMMIGAN MCCALL LLP
Centennial Block, Fourth Floor
210 S.W. Morrison Street
Portland, OR 97204
(503) 226-3628

| | | |
|---|---|---|
| 1 | c) | Plaintiff's decedent, Brenden J. Pendleton was a resident of the county of Linn, state of Oregon; |
| 2 | | |
| 3 | d) | Defendant Weyerhaeuser Company ("WEYERHAEUSER"), was a Washington corporation, authorized to do business and doing business within the state of Oregon as a forest products company, that grows, produces, and sells forest products within the state of Oregon; |
| 4 | | |
| 5 | | |
| 6 | e) | Defendant Weyerhaeuser carried on regular and sustained business activity in the city of Portland, county of Multnomah, state of Oregon, Multnomah County, Oregon, including the sales, distribution and shipment of forest products for profit; |
| 7 | | |
| 8 | | |
| 9 | f) | Defendant Weyerhaeuser was the owner of real property located in the Shotgun Creek Recreation Area, past the Crooked Creek Staging area, wherein it maintained a road known as the Weyerhaeuser 200 Line (hereinafter "200 LINE"), a gravel, off-highway vehicle ("OHV") trail, which was a spur road running off of Shotgun Creek Road; |
| 10 | | |
| 11 | | |
| 12 | | |
| 13 | g) | Defendant Weyerhaeuser maintained a yellow, metal gate (on the 200 Line, that crossed the width of the trail; |
| 14 | | |
| 15 | h) | Defendant John Doe was an employee of defendant Weyerhaeuser Corporation, who worked at the Weyerhaeuser office located at 785 42nd Street, city of Springfield, county of Lane, state of Oregon, resided in the county of Lane, state of Oregon, and was in charge of and responsible for maintaining, repairing, and the opening and closing of the Gate; |
| 16 | | |
| 17 | | |
| 18 | | |
| 19 | i) | Plaintiff's decedent was survived by Cathie Hansen, his mother; Tracy Pendleton, father; Bentley Pendleton, son; Kaidence Pendleton, daughter; and Kaileigh Pendleton, daughter; |
| 20 | | |

2.

On April 17, 2016, Brenden Pendleton was operating his off-road motorcycle at the Shotgun Creek Recreational Site in the county of Lane, state of Oregon, on roads and trails designated for use by dirt bikes and all-terrain vehicles ("ATV"), also known as off-highway vehicle(s) ("OHV"). After riding his motorcycle throughout the afternoon, Mr. Pendleton and his two companions decided it was about time to go home.

Page 2 – COMPLAINT

MAYOR LAW, LLC
7157 SW Beveland Street, Suite 100
Tigard, OR 97223
(503) 444-2825

PICKETT DUMMIGAN MCCALL LLP
Centennial Block, Fourth Floor
210 S.W. Morrison Street
Portland, OR 97204
(503) 226-3628

3.

At approximately 6:00 p.m., Mr. Pendleton and his companions loaded up their pickup truck and agreed to meet at the Crooked Creek staging area after plaintiff's decedent made one more trail run. Mr. Pendleton rode down Shotgun Creek Road on his motorcycle with his companions following him in the pickup truck. Mr. Pendleton turned onto an intersecting gravel road, the 200 Line, while his companions continued straight on Shotgun Creek Road and drove to the staging area.

4.

Unbeknownst to Mr. Pendleton, the gravel road was the 200 Line, which left the Shotgun Creek Recreational Site and led to property owned by defendant Weyerhaeuser. While traveling up the road on his motorcycle, plaintiff's decedent suddenly encountered a closed, faded-yellow forest Gate that was not visible from afar. Mr. Pendleton was unable to stop and collided with the Gate.

5.

In the collision with the Gate, plaintiff's decedent suffered multiple blunt force injuries, and died as a result on April 17, 2016.

6.

Prior to the death of plaintiff's decedent, defendants, and each of them, knew or in the exercise of reasonable care should have known, that motorcyclists, ATV operators, and OHV operators, using the Shotgun Creek Recreational site, would likely perceive the 200 Line gravel to be part of the recreational site, and travel on it toward the closed, faded-yellow forest Gate, thereby creating an unreasonably dangerous, and reasonably foreseeable risk of harm, and that defendants' conduct could cause serious injuries or death to motorcyclists, ATV operators, and OHV operators in general, and plaintiff's decedent in particular.

///

///

MAYOR LAW, LLC
7157 SW Beveland Street, Suite 100
Tigard, OR 97223
(503) 444-2825

PICKETT DUMMIGAN MCCALL LLP
Centennial Block, Fourth Floor
210 S.W. Morrison Street
Portland, OR 97204
(503) 226-3628

7.

The negligence of defendants, and each of them, was a substantial factor in causing the death of plaintiff's decedent in one or more of the following particulars:

a) In failing to make the Gate on the 200 Line readily visible to motorcyclists, ATV operators, and OHV operators;

b) In maintaining the gate in a closed position during daylight hours, at a time when motorcyclists, ATV operators, and OHV operators, would be likely to use the 200 Line;

c) In failing to use retroreflective tape on both sides of the Gate's horizontal arms and post with vertical alternating red and white stripes;

d) In failing to provide an adequate number of reflectors of sufficient size to be easily visible on the Gate;

e) In failing to use one or more adequately sized red diamond-shaped markers to make the presence of the Gate in a closed position easily visible to motorcyclists, ATV operators, and OHV operators;

f) In failing to adequately warn motorcyclists, ATV operators, and OHV operators in general, and plaintiff's decedent in particular, that there was a closed metal forest Gate ahead, at a time when defendants, and each of them, knew, or in the exercise of reasonable care, should have known, of the unreasonably dangerous and reasonably foreseeable condition created thereby;

g) In failing to post an adequately sized reflective "Road Closed" sign far enough in advance of the Gate and in a position where motorcyclists, ATV operators, and OHV operators would be likely see it;

h) In failing to post an adequately sized reflective "Gate Closed Ahead" sign far enough in advance of the Gate and in a position where motorcyclists, ATV operators, and OHV operators would likely see it;

///

///

Page 4 – COMPLAINT

MAYOR LAW, LLC
7157 SW Beveland Street, Suite 100
Tigard, OR 97223
(503) 444-2825

PICKETT DUMMIGAN MCCALL LLP
Centennial Block, Fourth Floor
210 S.W. Morrison Street
Portland, OR 97204
(503) 226-3628

i) In failing to landscape the vegetation and foliage in and around the Gate and along the 200 Line gravel road approaching the Gate, so that it was more readily visible to motorcyclists, motorcyclists, ATV operators, and OHV operators;

j) In maintaining the area of the Gate in a manner where hidden rocks and tree logs were adjacent to the vertical pole of the Gate;

k) In failing to adequately inspect the Gate, signage, and roadway conditions on the 200 Line to perform a safety analysis regarding foreseeable users of the road, which adequate inspection would have indicated the dangerous conditions described above.

8.

The negligent acts and omissions of defendants, and each of them, as set forth herein, were a substantial factor in causing and contributing to the death of Brenden J. Pendleton.

9.

As a result of one or more the negligent acts and omissions of defendants, and each of them, as set forth herein, causing and/or contributing to the death of Brenden J. Pendleton, the Estate of Brenden J. Pendleton has suffered economic damages for burial and memorial services in the approximate sum of $10,000.00, and for the pecuniary loss to the estate, in the approximate sum of $500,000.00, the exact amount to be proven at trial.

10.

As a result of one or more of the negligent acts and omissions of defendants, and each of them, as set forth herein, causing and/or contributing to the death of Brenden J. Pendleton, the Estate of the Brenden J. Pendleton, and the heirs and beneficiaries thereof, including Cathie Hansen, mother; Tracy Pendleton, father; Bentley Pendleton, son; Kaidence Pendleton, daughter; and Kaileigh Pendleton, daughter; have suffered noneconomic damages in an amount which a jury decides is fair and reasonable, but not to exceed the sum of $3,500,000.00.

11.

Plaintiff hereby demands a jury trial.

Page 5 – COMPLAINT

**MAYOR LAW, LLC**
7157 SW Beveland Street, Suite 100
Tigard, OR 97223
(503) 444-2825

**PICKETT DUMMIGAN MCCALL LLP**
Centennial Block, Fourth Floor
210 S.W. Morrison Street
Portland, OR 97204
(503) 226-3628

**COUNT TWO**
**(Against Defendant Weyerhaeuser Company)**
**(Negligence *Per Se*)**

12.

Plaintiff realleges ¶¶1 through 11 of Count One.

13.

On April 17, 2016, there was in effect a Manual on Uniform Traffic Control Devises ("MUTCD"), 2009 edition, which applied to roads such as the 200 Line road.

14.

Defendant Weyerhaeuser was negligent *per se* for violations of one or more of the following provisions adopted by the United States Department of Transportation ("USDOT"), Federal Highway Administration, the Department of Transportation of the state of Oregon ("ODOT"), the United States Forest Service, a division of the United States Department of Agriculture ("USDA"), and/or the MUTCD:

    a) In failing to use retroreflective tape on both sides of the Gate's horizontal arms and post with vertical alternating red and white stripes, as required by Chapter 3B.3.3, USDA Sign and Poster Guidelines for the Forest Service (November 2012, October 2013); and as required by the MUTCD (2009 edition with revisions May 2012), Chapter 2B.68 (pages 101–102);

    b) In failing to use one or more adequately sized red diamond-shaped Type 4 Object Markers to mark the Gate, as required by Chapter 3B.3.2, USDA Sign and Poster Guidelines for the Forest Service (November 2012, Revisions October 2013);

    c) In failing to post an adequately sized retroreflective "Road Closed" sign far enough in advance of the Gate, and in a position where motorcyclists, ATV operators, and OHV operators would likely see it, as required by the MUTCD (2009 edition with revisions May 2012), Section 2B.58; and as required by Chapter 3B.2.5, USDA Sign and Poster Guidelines for the Forest Service (November 2012, revisions October 2013); and

///

///

MAYOR LAW, LLC
7157 SW Beveland Street, Suite 100
Tigard, OR 97223
(503) 444-2825

PICKETT DUMMIGAN MCCALL LLP
Centennial Block, Fourth Floor
210 S.W. Morrison Street
Portland, OR 97204
(503) 226-3628

        d)    In failing to post an adequately sized retroreflective yellow diamond-shaped warning "Gate Closed Ahead" sign far enough in advance of the Gate, and in a position where motorcyclists, ATV operators, and OHV operators would likely see it, as required by Chapter 3B.2.5, USDA Sign and Poster Guidelines for the Forest Service (November 2012, revisions October 2013); and as required by the MUTCD (2009 edition with revisions May 2012), Section 2B.68 Gates, p. 102, as adopted by OAR 734-020-0005(1)(a).

15.

Plaintiff's decedent was a member of the class of persons that these provisions were enacted to protect, and his death was a direct result of the failure of defendant Weyerhaeuser to take the necessary safety measures required by these sections.

16.

Plaintiff Estate of Brenden J. Pendleton is entitled to damages on Count Two against defendant Weyerhaeuser as set forth above in ¶¶9 and 10 of Count One.

**COUNT THREE**
**(Against Defendant Weyerhaeuser Company)**
**(Wanton Misconduct)**

17.

Plaintiff realleges ¶¶ 1 through 16 of Counts One and Two.

18.

Defendant Weyerhaeuser's actions in placing the Gate in a closed position across the 200 Line spur road off of Shotgun Creek Road, without making the Gate readily visible, and without providing any warning of the presence of the Gate, at a time when defendant Weyerhaeuser knew, or in the exercise of reasonable care should have known, that members of the general public frequently traveled on the access roads off of Shotgun Creek Road, by various means of conveyance, including, but not limited to, motorcyclists, ATV operators, and OHV operators, in close proximity to the Shotgun Creek Recreational Site, constitute wanton misconduct on the part of defendant Weyerhaeuser.

///

**MAYOR LAW, LLC**
7157 SW Beveland Street, Suite 100
Tigard, OR 97223
(503) 444-2825

**PICKETT DUMMIGAN MCCALL** LLP
Centennial Block, Fourth Floor
210 S.W. Morrison Street
Portland, OR 97204
(503) 226-3628

1  19.

2   Plaintiff Estate of Brenden J. Pendleton is entitled to damages on Count Three against
3   defendant Weyerhaeuser as set forth above in ¶¶9 and 10 of Count One.

4   WHEREFORE, plaintiff prays for judgment against defendants, and each of them, in the
5   sum of $4,010,000.00, for costs and disbursements incurred herein, and for such other relief as
6   the court finds just and equitable.

7   DATED this 17th day of April, 2019.

J. Randolph Pickett, OSB #721974
R. Brendan Dummigan, OSB #932588
Kimberly O. Weingart, OSB #091407
Shangar S. Meman, OSB #171205
PICKETT DUMMIGAN MCCALL LLP

Travis Mayor, OSB #053210
MAYOR LAW, LLC

of Attorneys for the Estate of
Brenden J. Pendleton, Deceased

Page 8 – COMPLAINT

MAYOR LAW, LLC
7157 SW Beveland Street, Suite 100
Tigard, OR 97223
(503) 444-2825

PICKETT DUMMIGAN MCCALL LLP
Centennial Block, Fourth Floor
210 S.W. Morrison Street
Portland, OR 97204
(503) 226-3628

4/25/2019 4:01 PM
19CV17445

# In the Circuit Court of the State of Oregon

## For the County of Multnomah

| | |
|---|---|
| CATHIE HANSEN,<br>Personal Representative of the Estate of<br>BRENDEN J. PENDLETON, Deceased,<br><br>        Plaintiff,<br><br>    v.<br><br>WEYERHAEUSER COMPANY,<br>a Foreign Corporation; and **JOHN DOE**,<br>an Employee of Weyerhaeuser Company,<br>and a Resident of the State of Oregon | Case No. 19CV17445<br><br>**SUMMONS** |

**To:**   Weyerhaeuser Company
        R/A Corporation Service Company
        1127 Broadway Street, N.E., Suite 310
        Salem, OR 97301

You are hereby required to appear and defend the complaint filed against you in the above entitled action within thirty (30) days from the date of service of this summons upon you, and in case of your failure to do so, for want thereof, plaintiff will apply to the court for the relief demanded in the complaint.

## NOTICE TO THE DEFENDANT:
## READ THESE PAPERS CAREFULLY!

You must "appear" in this case or the other side will win automatically. To "appear" you must file with the court a legal document called a "motion" or "answer." The "motion" or "answer" must be given to the court clerk or administrator within 30 days along with the required filing fee. It must be in proper form and have proof of service on the plaintiff's attorney or, if the plaintiff does not have an attorney, proof of service on the plaintiff.

If you have any questions, you should see an attorney immediately. If you need help in finding an attorney, you may call the Oregon State Bar's Lawyer Referral Service online at www.oregonstatebar.org or by calling (503) 684-3763 (in the Portland metropolitan area) or toll-free elsewhere in Oregon at (800) 452-7636.

_____
SIGNATURE OF ATTORNEY

J. Randolph Pickett, OSB #721974
PICKETT DUMMIGAN MCCALL LLP
Centennial Block, Fourth Floor
210 S.W. Morrison Street
Portland, OR 97204
Telephone: (503) 226-3628

**TO THE OFFICER OR OTHER PERSON SERVING THIS SUMMONS:** You are hereby directed to serve a true copy of this summons, together with a true copy of the complaint mentioned therein, upon the individual or other legal entity to whom or which this summons is directed, and to make your proof of service on the reverse hereof or upon a separate similar document which you shall attach hereto.

_____
ATTORNEY FOR PLAINTIFF

4/25/2019 4:01 PM
19CV17445

*CERTIFIED TRUE COPY*

IN THE CIRCUIT COURT OF THE STATE OF OREGON

FOR THE COUNTY OF MULTNOMAH

CATHIE HANSEN, Personal Representative of
the Estate of BRENDEN J. PENDLETON,
Deceased,

        Plaintiff,

vs.

WEYERHAEUSER COMPANY, et al.,

        Defendant.

Case No. **19CV17445**

CERTIFICATE OF SERVICE

STATE OF OREGON
County of Multnomah     ss.

I, Edmund Knowles, hereby certify that I am a competent person 18 years of age or older, a resident of the State of Oregon and that I am not a party to nor an attorney for any party in the within named action; that I made service of a true copy of:

*Summons and Complaint*

CORPORATE SERVICE - Pursuant to ORCP 7D(3):

Upon **WEYERHAEUSER COMPANY**, by personal service upon SHARON WALLS, the clerk on duty in the office of the registered agent, CORPORATION SERVICE COMPANY, 1127 Broadway Street NE, Suite 310, Salem, OR 97301 on April 22, 2019 at 2:18 PM.

I declare under the penalty of perjury that the above statement is true and correct.

Dated this 23rd day of April, 2019.

x *Edmund Knowles*
Edmund Knowles
Nationwide Process Service, Inc.
1201 S.W. 12th Avenue, Suite 300
Portland, OR 97205
503-241-0636

*343949*